BRIGHT, Circuit Judge,
concurring in part and dissenting in part.
I respectfully concur in part and dissent in part. I concur with the majority that sufficient evidence supports each conspiracy conviction. However, I disagree with *594 the majority opinion as to Section II.B.l. regarding a “buyer-seller” jury instruction. I conclude that the district court abused its discretion by not giving the “buyer-seller” jury instruction requested by Kendall Robinson and Excell Randolph because evidence in the record supported its submission. See United States v. Jones, 160 F.3d 473, 481 (8th Cir.1998) (stating that a defendant is entitled to a “buyer-seller” instruction if the evidence supports his or her theory).
In drug conspiracy cases such as this, defendants face vast difficulty to undercut these claims with only the general credibility evaluation jury instruction. Moreover, most conspiracy convictions call for very harsh, lengthy prison sentences under federal sentencing guidelines. Too often the conspiracy convictions rest on little more than guilt by association. The jury should be given a clear choice by appropriate instructions in such cases. Here, an additional instruction as to a buyer-seller relationship was warranted and would have aided the jury in properly evaluating the facts and deciding whether a true conspiracy existed.